**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TERRIS MILLER,

       Petitioner,

                                      Civil No. 2:13-CV-12635

-vs-                                Paul D. Borman
                                      United States District Judge

J.A. TERRIS,

       Respondent.

_____/

## OPINION AND ORDER DENYING THE  PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

Terris Miller, ("petitioner"), confined at the Federal Correctional Institution in Milan, Michigan [FCI-Milan], seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his *pro se* application, petitioner challenges the decision from a prison disciplinary hearing conducted by the Bureau of Prisons (BOP) which resulted in the loss of good conduct time, disciplinary segregation, and the loss of privileges.  For the reasons stated below, the petition for writ of habeas corpus is DENIED.

## I.  Background

Petitioner was sentenced on May 10, 2010 by the United States District Court for the Central District of Illinois to 51 months imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Petitioner has a projected release date of May 11, 2014.  Petitioner was initially incarcerated at the Federal Correctional Institution in Pekin, Illinois (FCI-Pekin), where the disciplinary action took place.  Petitioner has since been transferred to FCI-Milan.

On November 10, 2011, Shane Riedell, a Lieutenant in the Special Investigative Services

1

Department (SIS) at FCI-Pekin, filed an incident report which charged petitioner with engaging in a group demonstration.  The SIS had completed its investigation into a food strike at FCI-Pekin the prior day, which indicated that a number of inmates had organized a food strike after privilege restrictions were imposed on inmates in the Nebraska housing unit due to the high levels of contraband that had been recovered from this unit.  Petitioner was assigned to the Nebraska housing unit.  Although 195 inmates were housed in the Nebraska unit, 187 of them did not go to the inmate dining room from the evening meal on September 28, 2011 through to the noon meal on October 2, 1011.  Prison staff determined that petitioner was not one of the eight inmates who went to the dining hall and ate their meals in the hall on those dates.  The incident report concluded that petitioner had actively participated in the food strike because petitioner did not attend any of the meals in the dining hall.  The investigating lieutenant, D. McDonough, delivered a copy of the incident report to petitioner on November 10, 2011, the date that it was issued.  Lt. McDonough advised petitioner of his rights.  Petitioner refused to make a statement.  The incident report was referred to the Unit Discipline Committee (UDC). [1]

A hearing was held before the UDC on November 14, 2011.  After being advised of his rights, petitioner informed the UDC that he does not always eat in food service.  Petitioner claimed that sometimes he went once a day to the dining hall and sometimes not at all.  The UDC referred the incident to the Discipline Hearing Officer (DHO) for "sanctions not available at the UDC level." [2]

On November 14, 2011, petitioner was given written notice of the DHO hearing and his

---

[1]  *See* Incident Report (Respondent's Exhibit 3).

[2]  *See* Incident Report.

2

rights at the hearing. [3]  Petitioner did not ask for the assistance of a staff representative, nor did he request any witnesses.

The DHO hearing was held on January 19, 2012.  Petitioner's due process rights were reviewed by the DHO during the hearing.  Petitioner indicated that he understood his rights and acknowledged receipt of a copy of the incident report and a notice of hearing and rights before the DHO.  Petitioner confirmed that he did not wish to have a staff representative or to call witnesses and stated he did not have any evidence to present.  Petitioner denied the charges. Petitioner informed the hearing officer he ate lunch, which was normal for him.  Petitioner further claims that he did eat in the dining hall for Saturday and Sunday brunch during the food strike.  Petitioner claimed that he didn't eat when prison staff had the video camera on. Petitioner further claimed that he only went to eat in the dining hall when they served food that he liked. [4]

The DHO found petitioner guilty of engaging in a group demonstration.  In reaching this decision, the DHO relied on information from the investigating officer's written report, the memoranda from staff who witnessed the meals between September 28 and October 2, 2011, petitioner's statements, and a videotape taken during meals on September 29. [5]  The DHO report was delivered to petitioner on June 4, 2012.

Petitioner seeks habeas relief from the prison disciplinary action in this case.

## II.  Discussion

---

[3]  See Notice of Discipline Hearing Before the DHO, (Respondent's Exhibit 4); Inmate Rights at Discipline Hearing, (Respondent's Exhibit 5).

[4]  *See* Discipline Hearing Officer Report, (Respondent's Exhibit 6).

[5]  *See* Discipline Hearing Officer Report, Section V.

Petitioner initially claims that the provisions of the BOP Program Statement 5270.09 were violated because the officer who wrote the incident report, Lieutenant Riedell, was both the investigating officer and the reporting employee and was not "I.D.C. qualified." Petitioner further contends that his due process rights were violated because he did not receive notice of the charge within twenty four hours of the incident. Petitioner's primary claim is that there was insufficient evidence presented to support the DHO finding petitioner guilty of engaging in a group demonstration. Petitioner lastly contends that his rights under the Equal Protection Clause were violated by the BOP.

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001). Petitioner's current application is properly brought under Section 2241 because he is challenging the manner in which his sentence is being executed. [6]

A prisoner is afforded the following due process rights in a disciplinary proceeding: (1) written notice of the charges at least twenty four hours before a disciplinary hearing; (2) a written statement by the fact finders about the evidence relied on and the reasons for the disciplinary action; (3) presentation of witnesses and documentary evidence in defense when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are

---

[6] Although the disciplinary action took place in the Cental District of Illinois, this Court has jurisdiction to hear petitioner's challenge to this disciplinary action, because petitioner has been transferred to FCI-Milan and is currently incarcerated in this district. *Cf. Pearson v. Wiley*, 241 Fed. Appx. 488 (10th Cir. 2007)(Federal district court in Colorado lacked jurisdiction to consider petition filed by petitioner who was attacking execution of sentence imposed for disciplinary infraction while he was incarcerated in Colorado but who had been transferred to prison in Indiana and was currently confined in Indiana).

4

complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-566, 570 (1974); *Franklin v. Aycock*, 795 F. 2d

1253, 1262-63 (6th Cir. 1986); *Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994).

Petitioner initially claims that his rights were violated because Lieutenant Shane Riedell,

the officer who wrote the initial incident report, was also the investigating officer and also

because he was not "I.D.C. certified."  Petitioner claims this violates the BOP's Program

Statement 5270.09, which states in relevant part:

> The Investigating Officer is an employee at the supervisory level who conducts an
> investigation of alleged inmate misconduct.  The Investigating Officer must be
> IDC-certified, and may not be the employee reporting the incident or otherwise be
> involved in the incident.

Petitioner's claim is without merit for two reasons.  First, although Lieutenant Riedell

prepared an incident report regarding the food strike, the investigation of the food strike was

conducted by Lieutenant McDonough and there is no allegation that Lieutenant McDonough was

not IDC certified.  Thus, the provisions of Program Statement 5270.09 were not violated.

Secondly, a habeas claim under § 2241 cannot be sustained solely upon the BOP's alleged

violation of its own Program Statements because noncompliance with a BOP Program Statement

is not a violation of federal law, in that such Program Statements are not mandated by statute or

the federal constitution. *See Reeb v. Thomas,* 636 F. 3d 1224, 1227 (9th Cir. 2011).

Petitioner next contends that his due process rights were violated because he did not

receive a copy of the incident report until forty two days after the food strike took place.  BOP

regulations provide that "[s]taff shall give each inmate charged with violating a Bureau rule a

written copy of the charge(s) against the inmate, ordinarily within 24 hours of the time staff

became aware of the inmate's involvement in the incident." 28 C.F.R. § 541.5(a).  However, a

violation of this rule does not entitle a prisoner to relief unless he or she can establish prejudice

from the delay in obtaining the incident report. *See Jones v. Cross,* 637 F. 3d 841, 846-47 (7th Cir. 2011). Petitioner received a copy of the incident report on November 10, 2011, which was four days before the UDC hearing and over two months before the DHO hearing. Because petitioner received notice of the charges more than 24 hours before his disciplinary hearing, there was no violation of his due process rights and he would not be entitled to relief based upon the delays in him obtaining the incident report. *See Mazzanti v. Bogan*, 866 F. Supp. at 1034 (habeas corpus relief was not warranted based on prisoner's claim that federal correctional officers delayed in delivering incident report to prisoner in the absence of a showing of prejudice).

Petitioner's primary claim is that there was insufficient evidence presented at the DHO Hearing for the disciplinary hearing officer to find him guilty of engaging in a group demonstration.

The Sixth Circuit has indicated that "[n]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass,* 63 F. 3d 483, 486 (6th Cir. 1995). "'Some evidence' is all that is needed" to support a prison disciplinary board's decision. *Id.* (*citing to Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 455 (1985)); *See also Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003). In determining whether a decision of a prison disciplinary board is supported by evidence, a federal court is "not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Williams,* 63 F. 3d at 486 (*citing to Hill,* 472 U.S. at 455). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56; *See*

6

*also Lutz v. Hemingway,* 476 F. Supp. 2d 715, 719 (E.D. Mich. 2007).  Moreover, the evidence

need not logically preclude any conclusion but the one reached by the hearing officer in the

disciplinary proceeding. *Falkiewicz*, 271 F. Supp. 2d at 948.  Thus, a hearings officer in a prison

disciplinary proceeding is not required to find the prisoner guilty beyond reasonable doubt, or

find that guilt was the only reasonable interpretation of the evidence. *See Mullins v. Smith,* 14 F.

Supp. 2d 1009, 1012 (E.D. Mich. 1998).

　　　　In the present case, there was some evidence to support the DHO's decision to find

petitioner guilty of engaging in a group demonstration.  Although petitioner denied the charge,

the DHO placed greater weight on Lieutenant Riedell's incident report and by memoranda

prepared by Senior Officer Specialist T. Livzey, Lieutenant Mowery, Lieutenant Riedell,

Satellite Operations Administrator M. Wynia, Cook Supervisor D. Scott, and Unit Manager T.

Gellner.  The DHO, concluded, based on the information contained within these reports, that the

majority of the inmates in the Nebraska Unit engaged in a food strike from the time frame of the

evening meal on September 28, 2011 through the noon meal on October 2, 2011 by not attending

the meals provided by the Food Services at the inmate dining hall.  The DHO noted that

petitioner was not identified by any staff member as one of the few inmates from the Nebraska

unit who was observed attending any of the meals during the time frame of the food strike.

Although the DHO mentioned that petitioner had indicated that he only ate in the inmate dining

hall when the food he liked was being served, claimed that he ate at the Saturday and Sunday

brunch, and further claimed that he ate in the dining hall when the staff were not recording the

inmates eating the meals during the food strikes, the DHO observed that none of the prison staff

members identified petitioner as being an inmate who attended any of the meals in the dining

hall during the time period of the food strike.  The DHO also did not believe petitioner when he claimed that he did not attend the meals in the dining hall during the food strike because it was normal for him to not attend the meals.  In reaching this conclusion, the DHO noted that the evidence established that the majority of the Nebraska unit inmates eat their meals in the inmate dining hall and petitioner himself conceded that he did eat some meals provided by the Food Services.  Finally, although acknowledging that inmates can choose not to attend some meals in the dining hall, the DHO ruled that "inmates are not authorized to act in concert for the purpose of causing an effect, i.e. participating in a food strike to force an institution administration to return suspended privileges."  The DHO concluded that petitioner's decision not to attend meals provided to the inmates during the time frame of the food strike amounted to the prohibited act of engaging in a group demonstration. [7]

In this case, even if petitioner does not agree with the DHO's findings, there is some evidence that he engaged in a group demonstration by participating in a food strike.  Because the DHO's decision is supported by "some evidence" in the record, petitioner is not entitled to habeas relief on his claim. *See Humphreys v. Hemingway,* 77 Fed. Appx. 788, 789 (6th Cir. 2003).

Petitioner lastly contends that his equal protection rights were violated because he and his fellow inmates in the Nebraska unit were treated differently than the prisoners in the Kansas unit. Conclusory allegations that a petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief. *Perez v. Hemingway,* 157 F. Supp. 2d at 795.  Petitioner has offered this Court no evidence, other than his conclusory

---

[7] *See* Disciplinary Hearing Officer Report, Section V.

assertions, that he and the other inmates in the Nebraska unit were treated differently than prisoners in the Kansas unit.  Moreover, prisoners are not a suspect class for purposes of equal protection litigation. *See Jackson v. Jamrog,* 411 F. 3d 615, 619 (6ᵗʰ Cir. 2005); *Hadix v. Johnson,* 230 F. 3d 840, 843 (6ᵗʰ Cir. 1998); *Perez,* 157 F. Supp. 2d at 795.  Thus, any differences in treatment between the prisoners of the Nebraska and Kansas units at FCI-Pekin would not entitle petitioner to habeas relief.

### III.  CONCLUSION

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.**  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6ᵗʰ Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**SO ORDERED.**

s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 23, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2013.

s/Deborah Tofil_____
Case Manager